**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: June 17 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 09-31916 |
| | ) | |
| Kevin L. Russell, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Adv. Pro. No. 09-3151 |
| | ) | |
| Kevin L. Russell, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| United States Department of Education, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF OPINION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on a motion for summary judgment filed by Defendant JP Morgan Chase Bank, N.A., dba Chase Education Finance ("Chase") [Doc. # 13], Plaintiff's opposition [Doc. # 19], and Chase's reply [Doc. # 22]. In his complaint, Plaintiff seeks a determination that student loan debts owed by him to Chase are dischargeable debts in his underlying Chapter 7 case. For the reasons

that follow, the court will deny Chase's motion for summary judgment.

## FACTUAL BACKGROUND

Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code on March 30, 2009, and commenced this adversary proceeding on August 3, 2009. There is no dispute that Plaintiff owes Chase approximately $59,081.80, plus interest and other costs, as a co-signor on a student loan that was used for the educational benefit of his wife, Catherine L. Russell, who passed away on April 28, 2008. [Doc. # 1, Complaint ¶ 2-4; Doc. # 4, Answer ¶ 2 & 3; Doc. # 23 Substitution of Proper-Party Defendant]. In its motion, Chase makes additional representations that the amount owed is for two student loans that were disbursed on July 23, 2007, and December 19, 2007, and that the loans did not go into repayment status until January 28, 2010, and September 28, 2009, respectively. Although it offers no evidentiary support for those representations, Plaintiff does not dispute their accuracy. Plaintiff also does not dispute Chase's representation that no payments on either loan have ever been made and that Plaintiff has never contacted Chase regarding restructuring the repayments on the loans.

## DISCUSSION

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

**II. 11 U.S.C. § 523(a)(8)**

Plaintiff seeks to discharge his student loan debt obligation based upon the "undue hardship" exception to nondischargeability of such debt in 11 U.S.C. § 523(a)(8). Section 523(a)(8) provides for the dischargeability of a student loan obligation if "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents. . . ." The underlying purpose of this provision is "to prevent indebted college or graduate students from filing for bankruptcy immediately upon graduation, thereby absolving themselves of the obligation to repay their student loans," *Tenn. Student Assistance Corp. v. Hornsby (In re Hornsby)*, 144 F.3d 433, 436-37 (6th Cir. 1998), and to protect the solvency of educational loan programs, *In re Pelkowski*, 990 F.2d 737, 743 (3rd Cir. 1993). Although the Sixth Circuit Court of Appeals has not specifically addressed whether § 523(a)(8) applies to a non-student co-obligor like Plaintiff, the courts that have addressed the issue have held, and Plaintiff does not dispute, that it does apply and that undue hardship must be shown in such cases. *See, e.g. id.* at 742; *Cockels v. Mae*, 414 B.R. 149, 155 (E.D. Mich. 2009); *Hamblin v. Educ. Credit Mgmt. Corp. (In re Hamblin)*, 277 B.R. 676, 679-80 (Bankr. S.D. Miss. 2002) (collecting cases).

Although the Bankruptcy Code does not define "undue hardship," the Sixth Circuit has adopted the test set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) for determining the existence of "*undue* hardship." *See Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 385 (6th Cir. 2005).

Under the *Brunner* test, the debtor must prove each of the following three elements:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Id.* at 385 (quoting *Brunner*, 831 F.2d at 396).

According to Chase, Plaintiff cannot, as a matter of law, satisfy the third prong of the *Brunner* test since the loans at issue were not yet in repayment status before he filed his Chapter 7 petition. Thus, Chase argues, Plaintiff cannot show that he has made a good faith effort to repay the loans. The court rejects this *per se* approach to determining whether the third prong of the test has been satisfied.

As one court explained, the good faith inquiry is really a question of overall good faith in regard to the student loan, and the good faith analysis is driven by the totality of the circumstances. *Afflitto v. United*

3

*States (In re Afflitto)*, 273 B.R. 162, 171 (Bankr. W.D. Tenn. 2001). As the Tenth Circuit concluded, *Brunner* should not be read to rule out consideration of all the facts and circumstances. *Educ. Credit Mgmt. Corp. v. Polleys*, 356 F.3d 1302, 1309 (10th Cir. 2004). Thus, under the good faith portion of the *Brunner* test, the court should consider whether the debtor is acting in good faith in seeking the discharge of his student loan debt. *Id.* While this analysis most often occurs after the student loan debt is in repayment status, that is not a prerequisite to obtaining relief under § 523(a)(8). *See Larson v. United States of America (In re Larson)*, 426 B.R. 782, 795-96 (Bankr. N.D. Ill. 2010).

In *Brunner,* the debtor filed her Chapter 7 petition before her first student loan payment was due and without first requesting a deferment of payment. *Brunner*, 831 F.2d at 397. The court found that the debtor's conduct did not demonstrate good faith. Having already found no indication that the debtor's unemployed status would extend for a significant portion of the loan repayment period, the court concluded that a deferment of payment was a less drastic remedy available to those unable to pay because of prolonged unemployment. However, under circumstances in which a debtor shows that his financial predicament will extend for a significant portion of the loan repayment period, the court cannot conclude categorically that a failure to request a deferment or even a failure to request participation in the Income Contingent Repayment Plan or Income Based Repayment Plan is conclusive of the debtor's lack of good faith. *See Barrett v. Educ. Credit Mgmt. Corp. (In re Barrett)*, 487 F.3d 353, 364 (6th Cir. 2007) (finding that the debtor's decision not to participate in income contingent repayment program, while probative of his intent to repay these loans, did not *per se* prevent him from satisfying the good faith prong of *Brunner* test).

In this case, Chase does not argue or point to any evidence showing that Plaintiff's financial predicament is only a temporary state of affairs. The court cannot, therefore, conclude as a matter of law that Plaintiff cannot satisfy the good faith prong of the *Brunner* test simply because the student loans at issue were not in repayment status at the time he filed his bankruptcy petition. As this is the sole basis of Chase's motion, its motion will be denied.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the motion for summary judgment [Doc. # 13] be, and hereby is, **DENIED.**